AO 91 (Rev. 12/93) Criminal Complaint _

# In United States District Court
## For the District of Delaware

UNITED STATES OF AMERICA

        v.

MICHAEL LINDSEY,
    Defendant

Criminal Complaint

CASE NUMBER:  08- *102 - M*

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.  On or about _June 9, 2008,_ in the District of Delaware, Defendant did:

knowingly possess in and affecting interstate and foreign commerce, a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year, in violation of Title 18 United States Code, Section(s) 922(g)(1) and 924(a)(2).

I further state that I am sworn as a _Special Deputy U.S. Marshal and am assigned to the ATF_ and that this complaint is based on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:    Yes

                        David C. Rosenblum
                        Special Deputy U.S. Marshal assigned to the ATF

Sworn to before me and subscribed in my presence,

June 10, 2008                                    at    Wilmington, DE
Date                                                   City and State

Honorable Leonard P. Stark
United States Magistrate Judge
Name & Title of Judicial Officer                       Signature of Judicial Officer

AFFIDAVIT OF PROBABLE CAUSE: ATF Task Force Officer and Special Deputy U.S Marshal David C. Rosenblum

Your Affiant Detective David C. Rosenblum has been a Wilmington Police Officer for approximately 10 years and is currently assigned as a Task Force Officer (TFO) with the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), whose duties include the investigation into firearms offenses committed in Wilmington, Delaware. Your Affiant has been authorized to seek and execute arrest and search warrants supporting a federal task force through Deputization by the United States Marshal's Service. During this Officer's employment as a Law Enforcement Officer, Your Affiant has authored in excess of 400 felony arrests warrants for crimes, some of which involved illegal narcotics and firearms. Prior to Your Affiant's current assignment, this Officer was assigned to the Wilmington Police Drug, Organized Crime, and Vice Division, Operation Safe Streets Task Force where Your Affiant has conducted over an estimated 1000 investigations into illegal narcotics and/ or firearms offenses whereby, this Officer seized numerous weapons along with large amounts of narcotics and suspected drug proceeds. During Your Affiant's tenure as a Law Enforcement Officer, Your Affiant has received over 275 days of training from the DOJ, FBI, ATF, DEA, DSP, WPD, DOC, Royal Canadian Mounted Police, North East Counter Drug Training, Homeland Security, California Highway Patrol and other law enforcement agencies. Your Affiant has been qualified in Delaware Superior Court and Federal Court, District of Delaware to provide expert testimony on the intent to distribute controlled substances and has testified as an expert in approximately 15 felony drug trials. During the course of previous investigations, Your Affiant has had conversations with federal agents and law enforcement officers with knowledge and/ or expertise in firearms offenses dealing with interstate nexus of firearms crossing state lines thereby affecting interstate commerce.

1.  Unless otherwise stated, the information in this affidavit is based upon Your Affiant's personal knowledge and conversations with other Wilmington Police Officers. Because this affidavit is solely for establishing probable cause, not all facts related to this investigation are included herein.

2.  The events stated below occurred on or about 9 June 2008, in the City of Wilmington, State and District of Delaware, as stated to me by a Wilmington Police Officer.

3.  A Wilmington Officer received information from a confidential source that the defendant MICHAEL LINDSEY      72 would be responding to the 2300 block of Bowers Street located in the City of Wilmington. The informant reported to the officer that there was reason to believe LINDSEY would be armed and had intentions on shooting unknown individuals as a result of a previous altercation.

4.  The Officer along with assisting plain clothes area officers initiated surveillance in the area. The Officer who is familiar with LINDSEY observed him drive into the block and park. As he parked, the officer observed two unidentified males standing near LINDSEY, who was still seated in the vehicle. LINDSEY held a large firearm up for the individuals to see then placed same on the floorboard in plain view of the Officer. The

Officer reported with the use of binoculars, he clearly observed the firearm in LINDSEY'S hand. LINDSEY then exited the car and walked to the group of individuals in the area where he was taken into custody.

5.   The firearm was recovered by the Officer conducting surveillance and found to be a Sturm, Ruger & Co. 44 Magnum revolver, Ruger Redhawk containing a stamp indicating it was manufactured in Southport, Conn. bearing serial number 502-82166. The firearm was silver with a 6+ inch barrel. Further, the firearm was fully loaded with 6 R.P. REM 44 Mag. rounds.

6.   The investigating officer reported to Your Affiant that an interview was conducted (not witnessed by Your Affiant) in which the defendant stated that he had his vehicle parked with the windows open. When he entered the vehicle, he was looking for a pack of cigarettes at which time he found the gun under his seat. He then drove with the gun to the 2300 block of Bowers Street where he was showing it to his associates.

7.   Your Affiant reviewed the Delaware Justice Information System Database (DELJIS) and verified that LINDSEY, in the New Castle County Superior Court, has a number of criminal convictions that are punishable by imprisonment for a term of exceeding 1 year, including Possession of a Deadly Weapon by a Person Prohibited by Previous Felony Conviction (March 4, 1996), Attempted Robbery First Degree (July 2, 1991), Attempted Robbery First Degree (June 4, 1991), and Possession with Intent to Deliver or Manufacture a Schedule I or II Controlled Substance (November 26, 1990).

8.   Your Affiant physically inspected the weapon and from my training and experience, and after discussion with an ATF Agent who is expertly trained and experienced in determining the interstate nexus of firearms, Your Affiant believes that the above described weapon is a firearm as defined in 18 U.S.C., Chapter 44, Section 921(a)(3) and was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate or foreign commerce.

Wherefore, based upon Your Affiant's training and experience, Your Affiant believes that there is probable cause to believe that the defendant violated:(1) 18 U.S.C. 922(g)(1) and 924(a)(2), by possessing in and affecting interstate commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year, and respectfully requests that the Court issue a Criminal Complaint charging this offense.

_____
David C. Rosenblum
Task Force Officer, ATF
Special Deputy U.S. Marshal


Sworn to and subscribed in my presence
this 10th day of June _____ 2008

_____
The Honorable Leonard P. Stark
United States Magistrate Judge